IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVERAL WILSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PHIL MORGAN, Wareden, and ) <br> ATTORNEY GENERAL OF THE ) <br> STATE OF DELAWARE, ) <br> ) <br> Respondents. ) | Civil Action No. 15-238-GMS |

## **MEMORANDUM**

### I. INTRODUCTION

Presently before the court is a petition for writ of habeas corpus filed by petitioner Deveral Wilson. (D. I. 1) For the reasons set forth below, the court will summarily dismiss the petition as moot.

### II. BACKGROUND

As set forth in his petition, Wilson contends that his Level V sentence ended on October 17, 2014, and that he is being illegally detained at Level V imprisonment. He asks to be released to Level III supervision while awaiting confirmation that he has been admitted to the "Gateway Program." (D.I. 1 at 1)

### III. STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(a), a federal district court can only

entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court. In turn, according to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(internal citations omitted). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *Kissinger*, 309 F.3d at 180.

## IV. DISCUSSION

In his petition, Wilson does not challenge the legality of his conviction. Rather, he contends that the Delaware Department of Corrections has improperly held him past his Level V "max out" date. (D.I. 1 at 1) As explained in the court's order dated April 29, 2015 (D.I. 5), it appears that Wilson was released sometime after he filed the pending petition. Because it appears that Wilson has obtained his requested relief, the court ordered him to show cause in writing by the end of May 2015 why the petition should not be dismissed as moot. The court explained that failure to file a timely response would result in the court's ruling on the petition as

2

currently pending. *Id.* at 2-3. To date, Wilson has not responded. Accordingly, the court will summarily the dismiss the petition as moot.

## V. CONCLUSION

For the aforementioned reasons, the court will summarily dismiss Wilson's petition for habeas corpus relief as moot. The court will also decline to issue a certificate of appealability because Wilson has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: Oct 7 , 2015

UNITED STATES DISTRICT JUDGE

3